## R. D. CALLAHAN *v.* THOS. WALLACE ET AL.

**Purchase Money Lien—Judgment Enjoined Does Not Destroy Lien—Surety on Injunction Bond—Subrogation.**

> Two judgments were rendered against one Caldwell for $500 balance of purchase money lien due on land. His vendors, Wallace & Everett, owed a balance on the same land to their respective vendor, Moore, to liquidate which, the judgments against Caldwell were assigned to the said Moore. Thereupon Caldwell, in order to extinguish these prior liens by reason of said assignment, enjoined the judgments, seeking to sell the mill property. A judgment against Callahan as surety on the injunction bond of Caldwell was rendered. Held, that as these judgments against Caldwell were for purchase money and presumed to be a lien, upon the land, mill and house, the injunction did not destroy this lien, and if Callahan, the surety, was bound and compelled to pay the judgments, he, by subrogation, becomes entitled to this prior lien.

APPEAL FROM LAWRENCE CIRCUIT COURT.

September 14, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Wallace and Everet recovered two judgments of $400 each against E. N. Caldwell, with a credit of $324.98 on the first in the same suit, thus leaving really only about $500 due on both, hence the description in the injunction bond of a judgment of $500.

These judgments were for unpaid purchase price of a mill, lot and house which Wallace and Everett had purchased of Love, who had purchased of Moore.

A portion of the purchase price still remained unpaid to each vendor which had a lien upon the property; therefore to extinguish their liens Wallace and Everett assigned their judgment to their vendor Love, who assigned them to his vendor Moore. Caldwell to have the liens extinguished, enjoined the judgments, making all these vendors parties, which suit seems to have been consolidated with other suits pending for the purpose of having the property sold.

The property was sold, but how the proceeds were disposed of does not distinctly appear, but it is certain that Callahan, as surety for Caldwell, got but little or no benefit, even the small credit of $28.23, which was allowed in the judgment in the consolidated cause was overlooked in the judgment against Callahan on the injunction bond.

As these judgments against Caldwell were for purchase money and presumed to be a lien upon the land, mill and house, the injunction did not destroy this lien, and if Callahan, the surety, has them to pay he, by subrogation, becomes entitled to this prior lien.

The obscurity and confusion of this record indicates that as the cause must be reversed because the credit for $28.23 was overlooked; that on a return the parties should be permitted to amend their pleadings for the purpose of making the issues more distinct and intelligible and to show how and for what purpose the proceeds of the mill, house and lot had been disposed of and whether this had been done in derogation of the rights of the prior lien claimants, also the more perfectly to set out to whom these judgments against Caldwell should be paid, or who are the equitable owners thereof, and further to correct any mistake in the original judgments in the consolidated causes which the court in the judgment on the injunction bond suggests had been com-

mitted.    Both parties should be permitted within a reasonable time to so amend as to present distinct and intelligible issues calculated to reach the merits of the case.

Wherefore, the judgment is reversed, with directions for further proceedings, as herein indicated.